### Edmond Gorman, Administrator, Appellee, v. South Side Elevated Railroad Company, Appellant.

### Gen. No. 20,311.   (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. WILLIAM E. DEVER, Judge presiding. Heard in the Branch Appellate Court at the March term, 1914. Affirmed. Opinion filed February 24, 1915.

### Statement of the Case.

Action by Edmond Gorman, as administrator, against South Side Elevated Railroad Company to recover damages for the wrongful death of David Airey, a boy sixteen years of age who was killed while a passenger on one of defendant's cars.

The train was moving north on elevated tracks, which, near the place of the accident, turn from their northerly course east and then within one-half block suddenly curve again to the north. The boy was standing on the front platform of the second car and had been standing there for many blocks. The sides of the platform were inclosed by iron gates about six feet high. Along its front edge were four upright iron stanchions supporting the canopy, one standing in each corner and the other two between them. The space be-

tween the two in the middle was left open for passage from one car to another. From each corner stanchion to the next stanchion towards the middle was a railing about "waist high." The base of each stanchion was about one and one-half inches from the platform. At the time of the accident the boy stood near the left corner stanchion and railing, fronting towards the rear platform of the first car which was like the other in construction.

As the train moved around the curves, the relative position of adjoining platforms was, of course, almost constantly changing. As the first curve was taken, the left corner of said rear platform necessarily swung away from the car behind, and, as the next curve was taken, the other corner swung away, bringing said left corner back by a sudden, jerky and irregular movement, in the course of which the west corner stanchions came within five inches of each other. During that movement the boy's head was caught and crushed between these two stanchions.

The case was submitted to the jury on two counts of the declaration, the first charging the defendant with negligence in failing to give Airey any notice or warning of the danger of his position under such circumstances, and the second charging negligence in failure to provide a guard or device so as to protect passengers while thus standing on the platform. From a judgment for plaintiff for two thousand dollars, defendant appeals.

ADDISON L. GARDNER and CARROLL H. JONES, for appellant.

EDMUND S. CUMMINGS, for appellee.

MR. PRESIDING JUSTICE BARNES delivered the opinion of the court.

Gorman v. South Side Elevated R. Co., 191 Ill. App. 471.

## Abstract of the Decision.

1. CARRIERS, § 353*—*when duty to inclose platform question for jury.* Where a boy sixteen years of age, while a passenger on defendant's train, was killed by his head being crushed between the upright stanchions supporting the canopy over the platform of the car on which he was standing, and similar stanchions on the platform of the car in front as the train rounded a curve, whether it was the duty of defendant to so inclose its platforms as to prevent an injury of that character was *held* a question for the jury.

2. CARRIERS, § 378*—*when bound to give notice to passengers on platforms of dangers arising from movement of cars rounding curve.* In an action to recover damages for the wrongful death of a passenger whose head was caught between upright stanchions supporting the canopy of the platform of the car on which he was standing and similar stanchions on the car in front, due to the lateral movement of the ends of the cars as the train rounded a curve, it was *held* that defendant was chargeable with notice of the danger and that it was its duty to give warning to passengers whom it permitted to ride on the platforms of its cars where they were exposed to such danger.

3. CARRIERS, § 428*—*when contributory negligence question for jury.* Whether a passenger on an elevated railroad train whose head was caught between upright stanchions supporting the canopy over the platform of the car on which he was standing and similar stanchions on the car in front, as the result of the lateral movement of the ends of the cars as the train rounded a curve, was guilty of contributory negligence, was *held* a question of fact for the jury.

4. CARRIERS, § 482*—*when instruction properly refused.* Where in an action against a carrier for the wrongful death of a passenger, the declaration contained no specific allegation of negligence against defendant's trainman, claimed to have been at fault, an instruction limiting the consideration of the jury to what was required of such trainman as to specific acts is properly refused.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.